**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| WHEELER, JACQUELINE MARIE | ) | |
| | ) | CASE NO. 14-19259 JBS |
| | ) | |
| | ) | JUDGE JACK B. SCHMETTERER |
| Debtor(s) | ) | |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**

Name of Applicant: Taft Stettinius & Hollister LLP

Authorized to Provide
Professional Services to: Trustee

Date of Order Authorizing Employment: December 2, 2014, retroactive to August 1, 2014

Period for Which
Compensation is sought: August 1, 2014 through May 14, 2015

Amount of Fees sought: $7,960.00

Amount of Expense
Reimbursement sought: $449.97

This is an:   Interim Application _____   Final Application  X  

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is:

$0.00

Date: May 28, 2015            By: Taft Stettinius & Hollister LLP
                                                Applicant

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| WHEELER, JACQUELINE MARIE, | ) | CASE NO:   14 B 19259 |
| | ) | |
| | ) | HONORABLE. JACK B. SCHMETTERER |
| DEBTOR. | ) | U.S. BANKRUPTCY JUDGE |
| | ) | |

### FIRST AND FINAL APPLICATION OF COUNSEL FOR THE TRUSTEE FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

The law firm of Taft Stettinius & Hollister LLP, as Counsel for the Trustee ("Applicant"), in support of its First and Final Application for Compensation pursuant to 11 U.S.C. §§330 and 327 and Federal Rule of Bankruptcy Procedure 2016, respectfully states as follows:

### I. INTRODUCTION

This Application is the first and final Application filed by Applicant as counsel for the Trustee as to the above-referenced case and is for the period of time between August 1, 2014 through May 14, 2015 (hereinafter referred to as the "Application Period"), inclusive.

On May 22, 2014, Debtor, Jacqueline Marie Wheeler ("Debtor"), filed for voluntary relief under Chapter 7 of the United States Bankruptcy Code. Shortly thereafter, Karen R. Goodman was appointed Trustee of this Estate.

On December 2, 2014, this Court entered an Order (the "Order") authorizing the retention of Applicant as counsel for the Trustee, retroactive to August 1, 2014. The Order further provided that the compensation and reimbursement of Applicant's fees and expenses would remain subject to the jurisdiction and approval of this Court.

In her Schedules, the Debtor listed her joint tenancy interest in real property located at 11359 E. Edgewood Avenue, Mesa, Arizona ("Property") as an asset of her Estate with a value of $200,000 and a mortgage of $137,478. The Debtor did not claim a homestead exemption in

the Property, which was jointly owned with a non-debtor. After conducting an investigation regarding the value of and the debt on the Property, the Trustee determined that there was possibly sufficient equity in the Property to justify efforts to sell the Property. Trustee reached this determination by reviewing on-line comparables and consulting with the broker engaged pre-petition by the Debtor and the joint tenant, whom the Trustee agreed to retain pursuant to Court Order. The Trustee directed Applicant to file a Motion to Retain Broker. After approximately two months on the market, the Trustee received an offer which was recommended by the broker and agreed to by the joint tenant. The Trustee directed Applicant to prepare a Bankruptcy Rider for a Real Estate Contract for Sale of the Property, to review and revise the Contract form the proposed buyer and file a Motion to Sell the Property, which was approved by the Court. However, because the appraisal by the buyer's mortgage lender was lower than the purchase price approved pursuant to the Court Order, it was necessary for Applicant to file a Motion to Vacate the Sale Order and Approve the Sale at a Reduced Price. This Motion was granted.

The Trustee also negotiated the sale of the Debtor's unencumbered and non-exempt Jet Ski and Fifty Percent (50%) interest in a motor home to the joint owner of the motor home and instructed Applicant to file a Motion to Sell those assets. Applicant also filed a Motion to Sell the Debtor's right, title and interest in a 2010 Saab to the Debtor at the Trustee's direction.

In addition, Applicant provided services relating to the retention of professionals necessary to the administration of the Estate.

Applicant requests $7,960.00 as compensation for 17.20 hours of services performed in this case by Applicant during the Application Period.

## II. LEGAL SERVICES PROVIDED

For ease of reference in this Application, Applicant has created categories of legal service or areas of performance. Each category contains a narrative of the matters involved, a general description of tasks performed, and the result achieved or benefit to the Estate, all as set forth in *In re Continental Illinois Securities Litigation*, 572 F.Supp. 931 (N.D. Ill. 1983). Attached hereto and incorporated herein as Exhibit "A" are the detailed time records of Applicant, separated by category of service rendered. The legal services performed by Applicant as described in Exhibit "A" attached hereto are set forth to meet the enumerated criteria of *In re Wildman*, 73 B.R. 700 (Bankr. N.D. Ill. 1987) and *In re Pettibone Corporation*, 74 B.R. 293 (Bankr. N.D. Ill. 1987). The major categories of activities in which Applicant was engaged and/or participated were:

A. Activities Related to Sale of Assets

B. Activities Related to Professional Persons

Applicant submits that the efforts put forth amply support the allowance of the compensation requested herein. The services rendered by Applicant, separated by category, are as follows:

### A. ACTIVITIES RELATED TO SALE OF ASSETS

Applicant reviewed and revised the Real Estate Sale Contract and drafted pleadings to sell the Property. In addition, Applicant drafted pleadings to sell Debtor's interest in her car, a mobile home and a jet ski and appeared in Court on the Motions.

#### BENEFIT TO THE ESTATE

Applicant's efforts in this category efficiently and successfully resulted in the Estate receiving the greatest amount possible for the Property and the Debtor's interest in other non-

3

exempt assets, which will result in a payment in full of administrative expenses and a Twenty-nine Percent (29%) distribution to unsecured creditors.

### Summary

**Total Hours & Fees for Category**

| | | | |
|---|---|---|---|
| KRG | Karen R. Goodman | 11.50 hours @ $460/hr | $5,290.00 |
| | | TOTAL: 11.50 hours | $5,290.00 |

**B.    ACTIVITIES RELATED TO PROFESSIONALS**

This category sets forth Applicant's efforts regarding the Trustee's retention of Applicant, the real estate broker and the accountants for the Estate.

### BENEFIT TO THE ESTATE

As the result of Applicant's efforts in this category, the professionals employed by the Trustee in accordance with the provisions of the Bankruptcy Code and the Bankruptcy Rules, as they are implemented in this jurisdiction, greatly assisted in the administration of the Estate

### Summary

**Total Hours & Fees for Category**

| | | | |
|---|---|---|---|
| KRG | Karen R. Goodman | 2.50 hours @ $460/hr | $1,150.00 |
| KRG | Karen R. Goodman | 3.20 hours @ $475/hr | 1,520.00 |
| | | TOTAL: 6.70 hours | $3,670.00 |

### III.    EXPENSES

Applicant is requesting reimbursement of actual expenses incurred in the amount of $449.97 for two filing fees in the amount of $176.00 for Motions to Sell Real Estate as well as postage and copy expenses, as follows:

4

| Category | Amount |
|---|---|
| Photocopies @ $0.10 per page | $ 48.70 |
| Fee for NADA Housing Report (mobile home) | 20.00 |
| Postage for Notice to Creditors of Motions to Sell | 29.27 |
| Filing Fees re Motion to Sell Real Estate | 352.00 |
| Total | $449.97 |

Applicant respectfully submits that the expenses for which reimbursement is sought were reasonable and necessary expenses in connection with the services rendered as counsel for the Trustee.

## IV.    PROFESSIONALS EMPLOYED

Applicant provided the skill and experience of the following attorney on behalf of the Trustee:

**KAREN R. GOODMAN (KRGO)** is a 1977 graduate of Loyola University School of Law, a former partner in the law firm of Hinshaw & Culbertson and a current partner in the law firm of Taft Stettinius & Hollister LLP, which merged with Shefsky & Froelich Ltd. on January 1, 2014. Ms. Goodman was a shareholder at Shefsky & Froelich since 2002. Ms. Goodman regularly represents Creditors, Creditors' Committees, Trustees and other parties before the Bankruptcy Court. She is a member of the Federal Trial Bar, the Illinois and Chicago Bar Association, the Chicago Bar Association Bankruptcy and Reorganization Committee, the National Association of Bankruptcy Trustees and the American Bankruptcy Institute. Ms. Goodman has been a member of the Panel of the Chapter 7 Trustees of the Northern District of Illinois since 1989.

## V. APPLICANT'S STATEMENT PURSUANT TO 11 U.S.C. §329, §504 AND BANKRUPTCY RULE 2016

Except with respect to the sharing of compensation authorized under §505(b) of the Bankruptcy Code, Applicant has not shared or agreed to share any award of fees received in connection with this case with any person, firm or entity. There does not exists any agreement or understanding between Applicant, associates or employees and any other person, firm or entity with respect to the sharing of compensation herein. No agreements or understanding exist regarding compensation with any person, firm or entity.

## VI. STANDARDS FOR REVIEW OF APPLICATION

Every effort has been made to prepare this Application in accordance with the guidelines established in the cases of *In re Continental Securities Litigation*, 572 F.Supp. 932 (N.D. Ill. 1983), *In re Wildman*, 72 B.R. 700 (Bankr. N.D. Ill. 1987), and *In re Pettibone Corp.*, 74 B.R. 293 (Bankr. N.D. Ill. 1987). While the Court has wide discretion in reviewing a fee application, such authority must be dispensed with great care and fairness, *In re Wildman*, 72 B.R. at 705, while keeping in mind that the well-accepted goal is to encourage and induce capable attorneys to practice in the Bankruptcy Court. *In re Pettibone*. 74 B.R. at 306. Moreover, the Court should focus on the benefits to the estate and the quality of the performance of counsel in the context of the case as a whole. See, *In re Boston & Marine Corporation*. 726 F. 2d 2 (1st Cir. 1985).

Applicant further suggests that the Application should be viewed within the context of being presented by and on behalf of counsel for a Trustee who have provided value and a benefit to this Estate by their independence and presence in the case.

Applicant does not apply a uniform amount of time to a particular activity. The time entries listed in Exhibit A have been kept on a tenth (1/10) of an hour basis and reflect actual

6

time spent by the attorney to whom the time is attributed. The Court, however, should be sensitive to the reality that sometimes bankruptcy cases do not lend themselves to meticulous timekeeping. Often times an attorney's need to concentrate, the press of time, and the emotion and energy involved interferes with timekeeping and exacting detail. Although great care has been utilized to keep accurate time, the Court should focus on the great benefit to the estate accomplished by the services performed by Applicant in the context of the entire case. *In re Boston & Marine Corp.*, 726 F.2d at 10.

Applicant has further endeavored to avoid grouping a number of unrelated activities into the same time entry. The Court should, however, acknowledge that in a case involving various complex issues, such as those presented in this case, meetings and telephone conferences will involve the discussions of numerous topics and several telephone calls may be made to a number of parties in rapid succession on one or more topics. The entries elaborated describe each activity, and in many cases, the necessity thereof. Such grouping is unavoidable to a certain extent, but the informative explanation contained in Exhibit A serves to further describe and delineate the time spent.

### VII.   CONCLUSION AND REQUEST FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

For the above and foregoing reasons, and in consideration of the time and labor required and performed in this case; the novelty and difficulty of the matters herein; the skill required to properly and efficiently perform the legal services outlined above; the customary fees involved in comparable cases; the experience, reputation and ability of Applicant and especially in light of the results achieved, Applicant respectfully requests the attorneys fees in the amount of $7,960.00 and actual expenses in the amount of $449.97 be determined reasonable and justified,

and the fees and reimbursement of expenses requested be allowed and payment thereof be made forthwith.

WHEREFORE, Applicant respectfully prays that it be awarded reasonable compensation in the amount of $7,960.00 for legal services rendered in this case and reimbursement of expenses in the amount of $449.97 expended and for such further relief as this Court may deem just.

Respectfully submitted,

TAFT STETTINIUS & HOLLISTER LLP

By:   /s/ Karen R. Goodman
      Karen R. Goodman

Karen R. Goodman
TAFT STETTINIUS & HOLLISTER LLP
111 South Wacker Drive, Suite 2800
Chicago, Illinois 60601
Phone: (312) 527-4000
Facsimile: (312) 275-7570
kgoodman@taftlaw.com

11665822

# EXHIBIT A

## LEGAL SERVICES OF TAFT STETTINIUS & HOLLISTER LLP
## AS ATTORNEY FOR TRUSTEE
## IN RE WHEELER, JACQUELINE MARIE
## CASE NO. 14-19259

### ACTIVITIES RELATED TO SALE OF ASSETS

| DATE | ATTY | ACTIVITY | TIME | RATE | TIME VALUE |
|---|---|---|---|---|---|
| 10/24/14 | KRG | PREPARE MOTION TO SELL ASSETS (JET SKI, MOTOR HOME) | 1.30 | $460 | $ 598.00 |
| 11/03/14 | KRG | PREPARE BANKRUPTCY RIDER TO REAL ESTATE CONTRACT FOR SALE OF ARIZONA PROPERTY | .30 | $460 | 138.00 |
| 11/05/14 | KRG | REVIEW AND REVISION OF CONTRACT DRAFTED BY BROKER; PREPARATION OF RIDER AND LANGUAGE RELATING TO BANKRUPTCY COURT APPROVAL. | 1.60 | $460 | 736.00 |
| 11/06/14 | KRG | PREPARATION OF MOTION TO SELL REAL ESTATE AND NOTICE TO CREDITORS | 2.00 | $460 | 920.00 |
| 11/18/14 | KRG | COURT APPEARANCE REGARDING MOTION TO SELL REAL ESTATE | 1.50 | $460 | 690.00 |
| 11/26/14 | KRG | PREPARATION OF MOTION TO SELL VEHICLE TO DEBTOR | .60 | $460 | 276.00 |
| 12/09/14 | KRG | DRAT MOTION TO VACATE ORDER AND TO SELL PROPERTY FOR REDUCED OFFER | 1.00 | $460 | 460.00 |
| 12/10/14 | KRG | REVISIONS TO MOTION TO VACATE ORDER AND SELL PROPERTY FOR REDUCED OFFER | .50 | $460 | 230.00 |
| 12/18/14 | KRG | COURT APPEARANCE REGARDING MOTION TO SELL VEHICLE; E-MAIL TO MS. WHEELER REGARDING INSTRUCTIONS FOR PAYMENT FOR VEHICLE. | 1.20 | $460 | 552.00 |
| 12/23/14 | KRG | COURT APPEARANCE REGARDING MOTION TO VACATE ORDER AND APPROVE SALE FOR REDUCED OFFER; E-MAIL TO MS. EVANS AT TITLE COMPANY TRANSMITTING ORDER. | 1.50 | $460 | 690.00 |

Recap of Time for Task:
| | | | | | |
|---|---|---|---|---|---|
| KRG | KAREN R. GOODMAN | | 11.50 | $460 | $5,290.00 |

**TOTAL TIME VALUE FOR TASK:** 11.50 Hours  $5,290.00

### ACTIVITIES RELATED TO PROFESSIONALS

| DATE | ATTY | ACTIVITY | TIME | RATE | TIME VALUE |
|---|---|---|---|---|---|
| 09/22/14 | KRG | PREPARATION OF TRUSTEE'S MOTION TO EMPLOY COUNSEL (.7) AND MOTION TO RETAIN BROKER (.8) | 1.50 | $460 | $ 690.00 |
| 10/02/14 | KRG | COURT APPEARANCE REGARDING MOTIONS | 1.00 | $460 | 460.00 |

TO RETAIN BROKER AND ATTORNEY FOR TRUSTEE

| DATE | ATTY | ACTIVITY | TIME | RATE | TIME VALUE |
|---|---|---|---|---|---|
| 01/29/15 | KRG | PREPARATION OF MOTION TO RETAIN ACCOUNTANT | .70 | $475 | 332.50 |
| 02/12/15 | KRG | COURT APPEARANCE REGARDING MOTION TO EMPLOY ACCOUNTANT | 1.00 | $475 | 475.00 |
| 05/14/15 | KRG | PREPARATION OF APPLICATION OF TRUSTEE'S COUNSEL FOR COMPENSATION | 1.50 | $475 | 712.50 |

Recap of Time for Task:

| | | | | | |
|---|---|---|---|---|---|
| **KRG** | **KAREN R. GOODMAN** | | **2.50** | **$460** | **$1,150.00** |
| **KRG** | **KAREN R. GOODMAN** | | **3.20** | **$475** | **1,520.00** |
| | **TOTAL TIME VALUE FOR TASK:** | | **5.70** | **Hours** | **$2,670.00** |

**TIME VALUE TOTAL:**     **$7,960.00**

10855413

- 2 -